IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ELAV, an adult,

Petitioner,

v.

JULIO HERNANDEZ, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO); *et al*.,

Respondents.

No. 2:26-CV-03975-SAB

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 15. Petitioner is represented by Robert E. Easton, Lorena Reynolds, and Veronica Jones. Respondents are represented by Lawrence Joel Van Daley, Sr. The Motion was considered without oral argument.

Petitioner asserts that he was arrested by ICE officers in Oregon on October 8, 2026. His habeas petition was filed in the United States District Court for the District of Oregon on that same date. Before the petition was filed, Petitioner was moved to the Western District of Washington, and the case was transferred to this Court on October 19, 2026. However, on October 18, 2026, Petitioner was transferred to Florence, Arizona, to be staged for removal.

Petitioner requests the Court enjoin respondents from transferring or

removing him from the United States while his habeas petition is litigated.

Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of a temporary restraining order is to preserve the status quo before a hearing on the merits can be held. *Granny Goode Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). To successfully move for a temporary restraining order, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

The Court finds it unnecessary to reach the merits of Petitioner's request, as it lacks jurisdiction to grant the requested relief. District courts are unable to interfere with the timing and execution of valid final orders of removal. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022).

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 23rd day of October 2026.

Stanley A. Bastian
United States District Judge