UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| E.L.A.V., an adult,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO); *et al.*,<br>Respondents. | No. 2:26-CV-03975-SAB<br><br>**ORDER DISMISSING PETITION** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Robert E. Easton, Lorena Reynolds, and Veronica Jones. Respondents are represented by Lawrence J. Van Daley, Sr.

On October 26, 2026, Respondents filed a Status Report indicating that Petitioner was removed from the United States on October 25, 2026. Generally, a petition for habeas relief becomes moot when the petitioner is no longer in custody, so long as there are no collateral consequences from the detention that can be addressed by adjudicating the merits of the petition. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Petitioner's counsel asserts collateral consequences remain as a result of

Petitioner's detention and requests the Court order his immediate return to the United States and permit him to remain in the country for six months to assist his partner with the birth of their child.

This Court lacks jurisdiction to grant these requests or interfere with the execution of final orders of removal. 8 U.S.C. § 1252(g); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022). As Petitioner was removed from the United States, is no longer in custody, and the Court lacks the authority to grant the remaining requested relief, his Petition is moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 19th day of November 2026.

Stanley A. Bastian
United States District Judge